UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID REDDICK,**<br>    **Plaintiff** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 18-8568 c/w**<br>          **19-13111** |
| **MEDTRONIC, INC.,**<br>    **Defendant** | **SECTION: "E" (1)** |

*Applies to:  Both Cases*

## ORDER AND REASONS

On May 12, 2020, Plaintiff David Reddick filed a Notice to Take Deposition of Kathy Spurlock (the "Notice") on May 14, 2020.[1] According to the Notice, "[t]he deposition is being taken within the parameters set forth by the Court for issues pertaining to the service contracts and prescription."[2] On May 13, 2020, Defendant Medtronic, Inc. ("Medtronic") filed a Motion to Quash the Deposition of Kathy Spurlock (the "Motion to Quash").[3] Medtronic argues "Plaintiff's Notice is in direct violation of this Court's April 24, 2020 Order."[4] Medtronic further requests the Court "award Medtronic reasonable attorney's fees incurred for having to bring this motion."[5]

---

[1] R. Doc. 108. All references to "R. Doc. #" are references to documents docketed in *Reddick v. Medtronic, Inc.*, case no. 18-8568, unless noted otherwise.
[2] R. Doc. 108 at 2.
[3] R. Doc. 110. Plaintiff filed an opposition. R. Doc. 113.
[4] R. Doc. 110-1 at 1.
[5] *Id.* In addition, Medtronic contends "Plaintiff has not provided Medtronic with nearly enough reasonable notice of this deposition." *Id.* The Court notes, for future reference, that two days is not reasonable notice to opposing counsel. Instead, the Court directs counsel for both parties to consult with each other about scheduling prior to noticing any deposition and, in any event, to give at least ten day's notice of the scheduling of any deposition.

1

In the Court's April 24, 2020 Minute Entry, the Court ordered "[o]nly written discovery on the issue of whether a service agreement existed is permitted at this time. No other discovery on this issue is permitted at this time."[6] As a result, only written discovery is permitted; the Court has not allowed Plaintiff to conduct any depositions. Further, the Court has allowed only discovery on the service agreement issue; discovery on the prescription issue is not allowed at this time. As a result, Plaintiff's attempt to take a deposition "for issues pertaining to the service contracts *and prescription*" clearly violates the Court's April 24, 2020 Minute Entry.

After conducting written discovery regarding the service agreement issue, Plaintiff may schedule depositions of witnesses who have knowledge on this topic. The deadline to complete all written discovery on the issue of whether a service agreement existed between the parties is **October 29, 2020**.[7]

Accordingly;

**IT IS ORDERED** that the Motion to Quash[8] is **GRANTED**. Accordingly, Plaintiff's Notice[9] is hereby **QUASHED**.

**IT IS FURTHER ORDERED** that Medtronic's request for an award of attorneys' fees is **DENIED**.

**New Orleans, Louisiana, this 13th day of May, 2020.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[6] R. Doc. 102 at 2 n.5.
[7] R. Doc. 98 at 23.
[8] R. Doc. 110.
[9] R. Doc. 108.