UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DAVID REDDICK,** <br>     **Plaintiff** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 18-8568 c/w** <br>     **19-13111** |
| **MEDTRONIC, INC.,** <br>     **Defendant** | **SECTION: "E" (1)** |

*Applies to: Both Cases*

### ORDER AND REASONS

Before the Court is Defendant Medtronic, Inc.'s ("Medtronic") motion for summary judgment on Plaintiff David Reddick's breach of contract claim,[1] and Reddick's cross-motion for summary judgment on the same.[2]

### BACKGROUND

The factual background of this action is set forth in the Court's Order and Reasons dated April 14, 2020.[3] The remaining claims are a Louisiana Products Liability Act claim and a breach of contract claim.[4] Only the cross-motions for summary judgment on Reddick's breach of contract claim are addressed herein.

---

[1] R. Doc. 146. Reddick opposes the motion. R. Doc. 156. Medtronic has filed a reply. R. Doc. 166. Reddick has filed an amended Statement of Contested Material Facts. R. Doc. 172.

[2] R. Doc. 150. Medtronic opposes the motion. R. Doc. 164. Reddick has filed a Statement of Uncontested Material Facts (R. Doc. 169), a Supplemental and Amending Statement of Contested Material Facts (R. Doc. 170), and an amended Statement of Contested Material Facts (R. Doc. 171).

[3] R. Doc. 98. In that Order and Reasons, the Court dismissed Plaintiff's LUTPA claims and his breach of contract claim based on Defendant's alleged failure to "provide working functional sale products and medical device products and the related product systems in the medical care and health monitoring symptoms monitoring." *Id.* at 22 (quoting R. Doc. 62 at ¶ 44).

[4] *Id.* at 21.

On April 24, 2020, the Court allowed the parties to conduct "written discovery with respect to the issue of whether a service agreement existed between Plaintiff and Defendant."[5] The discovery was to be completed by October 29, 2020 and any related motions for summary judgment filed by November 18, 2020.[6] Discovery was limited to whether a services agreement existed between Reddick and Medtronic.

Medtronic now seeks summary judgment that Reddick has no breach of contract claim because there is no service or other agreement between Reddick and Medtronic.[7] Reddick seeks summary judgment that Medtronic breached an agreement between Medtronic and him by providing "bad service."[8]

## STANDARD

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "An issue is material if its resolution could affect the outcome of the action."[10] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[11] All reasonable inferences are drawn in favor of the non-moving party.[12] There is no genuine issue of material fact if, even viewing the evidence in the light most

---

[5] R. Doc. 102.
[6] *Id.*
[7] R. Doc. 146-1 at 6-7.
[8] R. Doc. 150-2 at 1.
[9] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).
[10] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[11] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).
[12] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

2

favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[13]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[14] To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[15] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[16]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[17] If the movant fails to affirmatively show the absence of evidence in the record, its motion for summary

---

[13] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).
[14] *Celotex*, 477 U.S. at 323.
[15] *Id.* at 331.
[16] *Id.* at 322–24.
[17] *Id.* at 331–32 (Brennan, J., dissenting).

3

judgment must be denied.[18] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[19] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[20]

## LAW AND ANALYSIS

### I. No written service agreement exists between Reddick and Medtronic.

In his Second Amended Complaint, Reddick brings a claim for "breach of contract/obligations" against Medtronic for allegedly providing "bad service to David Reddick."[21] Reddick alleges "[t]here was a contract between David Reddick, an oblige [*sic*], and Medtronic, Inc. an obligor and its parties and affiliates who are obligors."[22] The Court allowed discovery limited to whether a services agreement existed between Reddick and Medtronic. After discovery, neither party has produced a written service agreement, or any other written agreement, between Reddick and Medtronic.

---

[18] *See id.* at 332.
[19] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.
[20] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).
[21] R. Doc. 62 at ¶ 43.
[22] *Id.* at ¶ 44.

4

Medtronic has presented summary judgment evidence that the written service agreement Reddick alleges was breached is not an agreement to which Reddick is a party. Medtronic provides, under seal, a copy of a "Medtronic Carelink Network Services Agreement" (the "services agreement") between Medtronic and the Heart Clinic of Louisiana.[23] In his motion for summary judgment, Reddick provides, under seal, a copy of the same agreement.[24] Reddick's claim for breach of a written services agreement is based on this document.[25]

Reddick, however, is not a party to the services agreement. The agreement is between Medtronic and the Heart Clinic of Louisiana. Reddick has failed to produce a written contract between Medtronic and him.[26] Because Reddick is not a party to the services agreement, the only way he could bring a claim under the contract is as a third-party beneficiary. Louisiana contract law requires a contract to manifest a clear intent to benefit a third party to establish status as a third-party beneficiary.[27] Paragraph 11.5 of the services agreement expressly states, "no person or entity other than the parties, including without limitation any Patient, is or shall be a third party beneficiary of this Agreement or otherwise entitled to bring any action to enforce any provision of this

---

[23] R. Doc. 147-3.
[24] R. Doc. 150-9. Reddick also attaches, under seal, a highlighted version of the same agreement. R. Doc. 150-10.
[25] R. Doc. 169-1 at 1 ("Medtronic has a written and verbal service agreement to provide services to patient, customer and consumer, David Reddick and the name of one of the documents is the Medtronic Carelink Network Services Agreement").
[26] In Louisiana, a contract for the benefit of a third party is referred to as a stipulation pour autrui. La. Civ. C. art. 1978. A stipulation *pour autrui* requires: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." *Zaveri v. Condor Petro. Corp.*, 27 F.Supp. 695, 703 (W.D. La. June 19, 2014) (citing *Joseph v. Hosp. Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006)).
[27] *Joseph v. Hosp. Dist. No. 2 of Parish of St. Mary*, 939 So.2d 1206, 1212 (La. 2006) ("absent such a clear manifestation, a party claiming to be a third party beneficiary cannot meet his burden of proof.").

Agreement against either of the parties."[28] Reddick is not a third-party beneficiary to this agreement.

It is undisputed that there was no written service agreement between Reddick and Medtronic. Medtronic is entitled to summary judgment in its favor on this claim.

**II.     No other written agreement exists between Reddick and Medtronic.**

Reddick[29] and Medtronic[30] also provide a copy of the Medtronic Carelink Network Business Associate Agreement (the "associate agreement"), under seal.[31]

The associate agreement was entered into by Medtronic and the Heart Clinic of Louisiana. As with the services agreement, *supra*, Reddick is not a signatory to the agreement and is not a third-party beneficiary. Reddick again has failed to show the existence of a written associate agreement between him and Medtronic.[32]

It is undisputed there was no written associate agreement between Medtronic and Reddick. Medtronic is entitled to summary judgment in its favor on this claim.

**III.    No oral agreement exists between Reddick and Medtronic.**

Reddick attaches screenshots of Medtronic's website and argues he had "a verbal contract with Medtronic for services with his monitoring and technical support for his

---

[28] R. Doc. 150-9 at ¶ 11.5.
[29] R. Doc. 151-5 at 7-11.
[30] R. Doc. 147-3 at 7-11.
[31] Reddick also provided, under seal, a copy of his unexecuted patient consent form with his name listed as the patient. R. Doc. 151-6.
[32] Reddick argues the services agreement must be read in conjunction with the Medtronic Carelink Network Business Associate Agreement (the "associate agreement") and his patient consent form. The patient consent form was signed only by a physician at the West Jefferson Medical Center. R. Doc. 151-6. On the line for the patient's signature (presumably Reddick), there is a handwritten notation that states, "pt sedated so Emergency 2 physician consent. [*sic*]" *Id*. Neither Reddick nor Medtronic are signatories to the patient consent form. Further, the patient consent form discusses only consent to the use of anesthesia and other laboratory services and does not provide a basis for Reddick's breach of contract claim against Medtronic. R. Doc. 164-1 at ¶ 6.

home monitor. The advertisements on the Medtronic website are promises and evidence of a contract and constitute a contract."[33]

Medtronic argues the screenshots produced do not "contain a service contract between Plaintiff and Medtronic or any reference to the same."[34] Medtronic further argues the information on its website is not an advertisement aimed at the general public and contains no indicia of an agreement. Medtronic further argues the websites are unauthenticated and undated.[35] The screenshots, Medtronic argues, appear under a tab for "healthcare professionals, not patients"[36] and are irrelevant to Reddick's claims. Although websites sometimes facilitate valid contracts between parties through interactive online forms, Reddick has not provided evidence of any such online interaction. Advertisements are not offers to contract, but instead invitations to bargain.[37] Reddick's viewing of Medtronic's website did not form a contract between Medtronic and him.

In Louisiana, oral agreements are valid in some circumstances as long as they contain all of the necessary elements of contracts.[38] Oral agreements are by definition, however, agreements in which the parties have orally manifested their intent to be bound

---

[33] R. Doc. 150-2.
[34] R. Doc. 146-1.
[35] R. Doc. 166 at 7.
[36] *Id.*
[37] *See* Restatement (Second) of Contracts § 26 cmt. b (1979) ("Advertisements of goods by display, sign, handbill, newspaper, radio or television are not ordinarily intended or understood as offers to sell. . . It is of course possible to make an offer by an advertisement directed to the general public (see § 29), but there must ordinarily be some language of commitment or some invitation to take action without further communication.").
[38] *Belgard v. Collins*, 628 So.2d 1254, 1257 (La. App. 3 Cir. 1993). In Louisiana, a contract exists when the following elements are present: (1) the parties have the legal capacity to contract; (2) there is mutual consent established through an offer and acceptance; (3) there is a lawful cause behind the obligations; and (4) a purpose or object that is lawful, possible, and determined or determinable. *Id.*; La. Civ. C. arts. 1918, 1927, 1966, and 1971. *See Granger v. Christus Health Central La.*, 144 So.3d 736, 760-61 (La. 2013) ("Under Louisiana law, the requirements for a valid contract are capacity, consent, a lawful cause, and a valid object.").

by the contract. Reddick does not allege in his Second Amended Complaint or present summary judgment evidence of any oral communication between Medtronic or its representatives and him in which the parties manifested their intent to be bound by a contract through the Medtronic website.

No oral agreement existed between Reddick and Medtronic. Medtronic is entitled to summary judgment in its favor on this claim.

## CONCLUSION

**IT IS ORDERED** that Medtronic's motion for summary judgment is **GRANTED** [39] and Reddick's cross-motion for summary judgment is **DENIED**. [40] Medtronic is entitled to judgment in its favor that Reddick has no claim for breach of contract.

New Orleans, Louisiana, this 1st day of March, 2021.

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[39] R. Doc. 146.
[40] R. Doc. 150. Reddick's Motion for Extension and Leave to File a Statement of Contested Material Facts is **DENIED**. R. Doc. 173. The motion was untimely. Paragraph 1 of the statement lacked record citations. Paragraphs 2, 3, and 4 are unnecessary as they reference the service agreement already in the record. Paragraph 5 is immaterial.